IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| John McGill, | ) | |
| Plaintiff, | ) | No. 05-C-5892 |
| | ) | |
| v. | ) | Suzanne B. Conlon, Judge |
| | ) | |
| Gigantex Technologies Co., Ltd., | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

John McGill sues Gigantex Technologies Co., Ltd. ("Gigantex") for negligence, strict liability, and breach of warranty for injuries suffered in a bicycle accident. Gigantex moves to dismiss the complaint for lack of personal jurisdiction.

### BACKGROUND

McGill filed suit against Gigantex, Bell Sports, Inc., and Tien Hsin Industries Co., Ltd. asserting claims for negligence, strict liability and breach of warranty in the United States District Court for the District of Maryland.[1] No. 03 C 2570 (D. Md. Sept. 5, 2003). After Gigantex filed a motion to dismiss for lack of personal jurisdiction, the district court directed the parties to conduct discovery on the jurisdictional issue. Upon the completion of discovery, Gigantex filed a renewed motion to dismiss for lack of personal jurisdiction. McGill filed a motion to transfer to the Northern District of Illinois pursuant to 28 U.S.C. § 1406. On September 30, 2005, the district court ruled that Maryland did not have personal jurisdiction over Gigantex and granted McGill's motion to transfer to the Northern District of Illinois pursuant to 28 U.S.C. §§ 1406(a) and 1631.

---

[1] Bell Sports, Inc. and Tien Hsin Industries Co., Ltd. were voluntarily dismissed by McGill.

McGill is a Maryland resident. Compl. at ¶ 3. Gigantex is a Taiwanese company that manufactures and sells bicycle components with its principal place of business in Taiwan. *Id.* at ¶ 4. McGill suffered injuries when a bicycle with components manufactured by Gigantex malfunctioned. *Id.* at ¶¶ 7, 10. The accident occurred in Delaware. *Id.* at ¶ 10.

## DISCUSSION

In deciding a Rule 12(b)(2) motion to dismiss, McGill bears the burden of demonstrating the existence of personal jurisdiction. *Jennings v. AC Hydraulic A/S*, 383 F.3d 546, 549 (7th Cir. 2004); *RAR, Inc. v. Turner Diesel*, 107 F.3d 1272, 1276 (7th Cir. 1997); *ABN Amro Sage Corp. v. Cohen*, No. 03 C 3556, 2003 WL 22057449, at *1 (N.D. Ill. Sept. 3, 2003). The court accepts all well-pleaded jurisdictional allegations in the complaint as true unless controverted by affidavit. *Turnock v. Cope*, 816 F.2d 332, 333 (7th Cir. 1989); *ABN Amro Sage Corp.*, 2003 WL 22057449, at *1. Any conflict presented by affidavit must be resolved in McGill's favor. *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 712-13 (7th Cir. 2002).

A federal district court in Illinois may exercise personal jurisdiction over a nonresident defendant only if an Illinois court would have jurisdiction over the defendant. *RAR, Inc.*, 107 F.3d at 1275. An Illinois court has personal jurisdiction where permitted by state statutory law and state and federal constitutional law. *Id.* at 1276. Illinois' long-arm statute extends personal jurisdiction to the limit allowed under the Illinois and federal constitutions. *Id.* Courts typically consider the reach of Illinois due process by looking to federal constitutional limits on jurisdiction. *Id.* at 1276-77; *see also Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 715 (7th Cir. 2002). A defendant must have "certain minimum contacts with [Illinois] such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. State of Washington, Office*

*of Unemployment Compensation and Placement*, 326 U.S. 310, 316 (1945) (citation omitted). Gigantex may be subject to either general or specific jurisdiction under Illinois law. *RAR, Inc.*, 107 F.3d at 1277.

McGill does not assert that this suit arises out of Gigantex's conduct in Illinois. Thus, the question of personal jurisdiction turns on whether Gigantex is subject to general jurisdiction. General jurisdiction is appropriate only where defendants have "continuous and systematic general business contacts" with Illinois. *RAR, Inc.*, 107 F.3d at 1277 (citing *Helicopteros Nacionales de Colombia, S.A., v. Hall*, 466 U.S. 408, 411 n. 8 (1984)). Those contacts must be so extensive as to make it "fundamentally fair to require [Gigantex] to answer in any [Illinois] court in *any* litigation arising out of *any* transaction or occurrence taking place *anywhere* in the world." *Purdue Research Foundation v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 787 (7th Cir. 2003). In determining whether general jurisdiction exists, courts examine the following factors: (1) the extent to which Gigantex conducts business in Illinois; (2) whether Gigantex maintains offices or employees in Illinois; (3) whether Gigantex sends agents into Illinois to conduct business; (4) whether Gigantex advertises or solicits business in Illinois; and (5) whether Gigantex has designated an agent for service of process in Illinois. *Interlease Aviation Investors II (Aloha) L.L.C. et al. v. Vanguard Airlines, Inc.*, 262 F. Supp. 2d 898, 906-07 (N.D. Ill. 2003). In determining whether Gigantex's contacts with Illinois are continuous and systematic general business contacts that would submit the company to general jurisdiction, the court will only consider those contacts which continued up to the time of the suit. *Repository Technologies v. Systems Consultants*, No. 02 C 8640, 2003 WL 21148340, at *6 (N.D. Ill. May 16, 2003) (citing *Asset Allocation & Management Co. v. W. Employers Ins. Co.*, 892 F.2d

566, 570 (7th Cir. 1989)); *Haggerty Enterprises, Inc. v. Lipan Industrial Co., Ltd.*, No. 00 C 766, 2001 WL 968592, at *4 (N.D. Ill. Aug. 23, 2001).

Gigantex is a foreign corporation with a foreign principal place of business. It has no offices, agents, employees or property in Illinois. Gigantex Mem. at Ex. A. It does not advertise or otherwise solicit business in Illinois. *Id.* Nor has Gigantex designated an agent for service of process in Illinois. *Id.*

It is undisputed that Gigantex' only contact with Illinois is selling bicycle parts to Sabin West, an individual located in Illinois. West operates a business on eBay selling a variety of items, including bicycle parts. Before 2000, West purchased Gigantex products through Cyrille Vachaudez, an individual located in Denmark. McGill Mem. at Ex. A, p. 15. Vachaudez decided to stop selling Gigantex products and asked West if he would like his contact information passed along to Gigantex. *Id.* at pp. 15-16. West confirmed that he would like Vachaudez to give Gigantex his contact information. *Id.* In 1999 or 2000, Gigantex contacted West via email. *Id.* West now places approximately two orders a year with Gigantex via email for bicycle parts that he sells over eBay. *Id.* at p. 22. Gigantex ships the parts to West "F.O.B. Taiwan," which means delivery is complete when the products are sent to a shipper in Taiwan. *C. Yang Chen v. Regitar Power Tools Co. Ltd.*, No. 86 C 6425, 1987 WL 14734 (N.D. Ill. July 20, 1987). There is no evidence in the record as to how many parts West sells to Illinois residents.

McGill argues that general jurisdiction exists because Gigantex' presence in Illinois is continuous and growing. Gigantex' sales to Illinois, however, are a very small percentage of its total sales. The percentage of total sales in Illinois were: 0.3% in 2000, 0.9% in 2001, 3.4% in 2002, and

3.5% in 2003.[2] McGill Mem. at Ex. B. McGill contends that by contacting West, Gigantex solicited business in Illinois and purposefully availed itself of a business transaction.

McGill has not established that Gigantex had the required minimum contacts to warrant a finding of general jurisdiction sufficient to require Gigantex to litigate in Illinois courts. *Purdue Research Foundation*, 338 F.3d at 787. Gigantex' sales to West are not "so extensive to be tantamount to [Gigantex] being constructively present in the state... ." *Id.* at 787; *Helicopteros Nacionales de Colubmia*, 466 U.S. at 418 (insubstantial sales occurring in forum state, "even if occurring at regular intervals" are insufficient to satisfy requirements of general jurisdiction); *Hot Wax, Inc. v. Stone Soap, Inc.* No. 97 C 6878, 1999 WL 183776, at *4 (N.D. Ill. March 25, 1999) (where a defendant's volume of sales is small, court will only exercise jurisdiction where defendant also engaged in active solicitation of business or targeted the forum state with direct advertisements). Contrary to McGill's assertions, Gigantex has not actively solicited business or advertised in Illinois. Gigantex was provided with West's contact information through another customer, not at Gigantex' request or by active solicitation or advertisement. Further, McGill does not cite any authority to support his position that general jurisdiction can be established by such limited contact. *See, e.g., Madison Consulting Group v. South Carolina*, 752 F.2d 1193 (7th Cir. 1985) (contacts were sufficient for specific jurisdiction); *RAR, Inc.*, 107 F.3d 1272 (personal jurisdiction did not exist); *Central States, Southeast and Southwest Areas v. Reimer Express World Corp.*, 230 F.3d 934 (7th

---

[2] According to Gigantex, the percentage of sales to West are much lower: 0.3% in 2000, 0.2% in 2001 and 2002 and 0.2% in 2003. Gigantex Mem. at Ex. A. However, on a motion to dismiss for lack of personal jurisdiction, factual conflicts are resolved in McGill's favor. *Hyatt Int'l Corp.*, 302 F.3d at 712-13.

5

Cir. 2000) (personal jurisdiction did not exist); *FMC Corp. v. Varonos*, 892 F.2d 1308 (7th Cir. 1990) (contacts were sufficient for specific jurisdiction).

The second part of the constitutional due process inquiry is fairness: whether the exercise of personal jurisdiction over Gigantex under these circumstances would offend "traditional notions of fair play and substantial justice." *Asahi*, 480 U.S. at 113-14 (citing *International Shoe*, 326 U.S. at 316). The reasonableness of the exercise of jurisdiction over Gigantex depends on multiple factors. The court considers (1) the burden on the defendant of litigating in the forum state; (2) the interests of the forum state; (3) the plaintiff's interest in obtaining relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the states in furthering fundamental substantive policies. *Asahi*, 480 U.S. at 113; *Mid-America Tablewares, Inc. v. Mogi Trading Co.*, 100 F.3d 1353, 1362 (7th Cir. 1996).

The burden on Gigantex is substantial. Compelling a foreign company to defend itself in a state where it does not even have "minimum contacts" is an unfair burden. *Haggerty Enterprises, Inc.*, 2001 WL 968592, at *7. "[T]he unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders." *Asahi*, 480 U.S. at 114. "Great care and reserve should be exercised when extending our notions of personal jurisdiction into the international field." *Id.* at 115.

Neither party has a substantial interest in adjudicating the case in Illinois. Neither McGill nor Gigantex is an Illinois resident, nor have any relevant transactions or conduct occurred in Illinois. Because McGill is not an Illinois resident, Illinois' legitimate interests in the dispute are diminished. *Asahi*, 480 U.S. at 114; *Hot Wax, Inc.*, 1999 WL 183776, at *7 (Illinois does not have a substantial

interest in protecting the rights of parties located outside its borders). Finally, litigating in Illinois would not obtain efficient resolution of this matter. The parties and all witnesses and documentary evidence are located outside Illinois. Considering the international context, the heavy burden on the foreign defendant, and McGill's lack of interest in Illinois, the exercise of personal jurisdiction by an Illinois court over Gigantex would be unfair.

## CONCLUSION

McGill has the burden of demonstrating that Gigantex is subject to personal jurisdiction in the Northern District of Illinois. To that end, McGill has failed to identify facts that would show Gigantex is subject to the jurisdiction of this court. Accordingly, Gigantex's motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) must be granted.

ENTER:

Suzanne B. Conlon
United States District Judge

December 12, 2005